# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-125-JAD-NJK |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| KEHEIR JORDAN PARKER, | |
| Defendant. | |

This Court finds Keheir Jordan Parker pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to effect illegal transaction with access devices in violation of 18 U.S.C. § 1029(a)(5) and (b)(2). Criminal Information, ECF No. 31; Plea Agreement, ECF No. 33; Arraignment & Plea, ECF No. 34.

This Court finds Keheir Jordan Parker agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. 31; Plea Agreement, ECF No. 33; Arraignment & Plea, ECF No. 34.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and the offense to which Keheir Jordan Parker pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(5), or 18 U.S.C. § 1029(b)(2), conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(5), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18

U.S.C. § 1029(b)(2), conspiracy to commit such offense; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. § 1029(a)(5), or 18 U.S.C. § 1029(b)(2), conspiracy to violate such offense; and (4) any personal property used or intended to be used to commit the violations of 18 U.S.C. § 1029(a)(5) and 1029(b)(2) and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(B); and 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2):

1. $11,880 in United States Currency;
2. a debit card with the last four digits of the account number being 5215 issued in the name of M.F.;
3. a debit card with the last four digits of the account number being 8247 issued in the name of D.C.;
4. a debit card with the last four digits of the account number being 5640 issued in the name of K.H.;
5. a debit card with the last four digits of the account number being 7862 issued in the name of M.Ma.;
6. a debit card with the last four digits of the account number being 8878 issued in the name of M.Me.;
7. a debit card with the last four digits of the account number being 9698 issued in the name of K.B.;
8. a debit card with the last four digits of the account number being 9723 issued in the name of A.L.;
9. a debit card with the last four digits of the account number being 8430 issued in the name of M.G.;
10. a debit card with the last four digits of the account number being 7604 issued in the name of N.C.;
11. a debit card with the last four digits of the account number being 6821 issued in the name of J.A.;

    12. a debit card with the last four digits of the account number being 1612 issued in the name of K.J.; and

    13. a debit card with the last four digits of the account number being 2411 issued in the name of G.S.

(all of which constitutes property).

  This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

  This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Keheir Jordan Parker in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. §

853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED June 10, 2021.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE